IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

                  Plaintiff,
        vs.                            **Case No. 09-40064-01-RDR**

MIGUEL BUGARIN,

                  Defendant.
_____

                              **O R D E R**

    This case is before the court upon defendant's _pro se_ motion for return of personal property.  Defendant's motion seeks the return of one black wallet, driver's license and $1,100.00 which are alleged to have been taken at the time of his arrest by the Shawnee County Sheriff's Department.  The court shall treat the motion as brought under FED.R.CRIM.P. 41(g) which provides:

> A person aggrieved . . . by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

    The government's response to defendant's motion states that the money taken from defendant was forfeited by the Shawnee County Sheriff's Office.  The government further states that the Sheriff's Office has a suitcase or briefcase belonging to defendant and that defendant can claim that item from the Sheriff's Office.  According to the government, it would be unlikely, but not impossible, that

defendant's driver's license and wallet would be inside the case. The government has no objection to defendant claiming any property from the Sheriff's Office, but the government asserts that it does not have the property identified in defendant's motion.

Defendant has not filed a timely reply to the government's response to his motion.  Therefore, defendant does not appear to dispute the government's contention regarding the forfeiture of the cash or the government's assertion that it does not possess his wallet and driver's license.  Nor does defendant assert that the property at issue is in the federal government's actual or constructive possession, or that state officials seized the property upon the directions of the federal government.  The court assumes defendant knows whether the Bureau of Prisons has his wallet and driver's license and that this motion is not directed at that possibility.

It appears to the court from the pleadings that defendant failed to contest or otherwise prevent the forfeiture of the cash described in his motion.  Therefore, the court lacks jurisdiction to consider his claim to that money.  See U.S. v. Shigemura, 664 F.3d 310, 312 (10th Cir. 2011) (court lacks jurisdiction to consider claim for return of money when defendant did not contest forfeiture of the cash); U.S. v. Tinajero-Porras, 378 Fed.Appx. 850, 851-52 (10th Cir. 2010) (same).

As for the remaining items, the wallet and driver's license,

it appears that the federal government does not have possession of this property and, therefore, the court lacks subject matter jurisdiction over this claim.  See Clymore v. U.S., 415 F.3d 1113, 1120 (10th Cir. 2005).

"There are only 'limited circumstances under which Rule 41[(g)] can be used as a vehicle to petition for the return of property seized by state authorities.  Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by the state officials acting at the direction of federal authorities in an agency capacity.'" U.S. v. Roberts, 282 Fed.Appx. 735, 737-38 (10th Cir. 2008) (quoting U.S. v. Clymore, 164 F.3d 569, 571 (10th Cir. 1999)).  In U.S. v. Copeman, 458 F.3d 1070, 1072-73 (10th Cir. 2006), the court held under similar facts that property possessed by state authorities was not in constructive federal possession or held at the direction of federal authorities in an agency capacity.

In accordance with the above discussion, the court shall dismiss defendant's motion for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge